HARDY, Judge.
This is a suit in which plaintiff seeks recovery for damages to his automobile and personal injuries sustained in an accident with a truck belonging to the defendant. After trial there was judgment rejecting plaintiff’s demands, from which he prosecutes this appeal.
The accident occurred at or about the hour of 5:30 A.M. on December 5, 1948, at the intersection of Centenary Boulevard and Lister Street in the City of Shreveport, Caddo Parish, Louisiana. At the time plaintiff, who was driving his Ford sedan south on Centenary Boulevard, attempted to negotiate a left turn into Lister Street. As he was engaged in this maneuver his car was struck full on the left front portion by defendant’s Chevrolet track, driven at the time by one of its employees in the course and scope of his employment, which ■truck was proceeding north on Centenary Boulevard. Plaintiff alleged that the negligence of the driver of defendant’s truck was the sole cause of the accident and particularized such negligence on the part of defendant’s driver in that he was not keeping the proper lookout; did not have his vehicle under control; defective brakes; driving at an excessive rate of speed; causing his vehicle to skid by a too sudden application of brakes and swerving to the right into the path of travel of plaintiff’s vehicle rather than attempting to clear said vehicle by turning to the left.
Defendant’s answer specifically denied plaintiff’s allegations of negligence and in turn charged plaintiff with negligence, and alternatively pleaded contributory negligence barring recovery on the part of plaintiff. On the issues as set up in the pleadings, the case was tried. The testimony is voluminous and conflicting. The only eyewitnesses were the drivers of the vehicles involved. From the mass of cpntradictory testimony we can- enumerate certain clearly established facts, namely, that a misting rain was falling, the streets were wet and slippery, and that the headlights of both vehicles were burning at the time.
Plaintiff, who operates a night patrol service, was returning home from work and defendant’s truck, which had been on a trouble call, was being driven to its garage.
The looale of the accident enters into consideration. Centenary Boulevard, 36 feet in width, is a favored or right-of-way street under municipal ordinance. Lister Street, which is 28 feet wide, is an intersecting and secondary thoroughfare. One block to the north and parallel with Lister Street is Jordan Street, and south of and parallel with Lister is Herndon Avenue. The grade of Centenary Boulevard from Jordan Street south to Lister Street is almost level but does have a slight incline. From Lister Street the grade rises sharply for a distance of some ISO feet and then slightly declines for approximately an equal distance to Herndon, beyond which there is a sharp turn. It is therefore to be perceived that defendant’s truck proceeding north on Centenary was ascending a steep incline until it reached a point some 300 feet, more or less, from the Lister Street intersection, thence it proceeded up a slight incline to the crest of the undulation about ISO feet south of the intersection. It is also apparent from this recital of physical conditions that defendant’s truck must have *851 been susceptible of clear observation by plaintiff for a distance of not legs than 150 feet. Strangely enough, plaintiff testified that he did not see the truck and was entirely unaware of its approach until the actual impact of the collision.
We do not think it necessary under the circumstances, and in view of our appreciation of the facts which we feel are clearly reflected by the physical circumstances and conditions surrounding the accident, to make any detailed analysis of what we have already noted as sharply contradictory and conflicting testimony. It is obvious that defendant’s driver observed plaintiff’s vehicle attempting to negotiate a left turn immediately in his path, for measured skidmarks of the truck show that the brakes were applied and the vehicle began to skid at a point 75 feet or more from the point of collision. It is therefore evident that defendant’s driver not only was keeping a lookout but that he was doing everything in his power to bring his vehicle to a stop under the emergency which confronted him. These conclusions dispose of a number of plaintiff’s charges of negligence. The claim of defective brakes is, of course, disposed by the evidence of the skidmarks. The contention that the truck driver was negligent in failing to turn his vehicle to the left is not tenable in view of the fact that he was making every effort to bring his vehicle to a stop, and, in any event, this charge would not be indicative of negligence but simply of an error of judgment.
This only leaves for consideration the charge of excessive speed -alleged by plaintiff against the driver of defendant’s truck. The only testimony on this point is that of the driver who claims that he was driving at about 25 or 30 miles per hour. Con-cedely plaintiff could not testify as to the speed since he did not even see the vehicle prior to the collision. Certainly the presence of the skidmarks for a distance of 75 feet is not convincing on the point of excessive speed. Accepted charts establish the reaction and braking distance of a vehicle traveling at 30 miles per hour at 110 feet. 'Considering the wet and slippery condition of the street at the time this distance of necessity would be materially increased.
Under this estimate it can only be concluded that plaintiff has failed to discharge the burden of proof with reference to his claims of negligence on the part of the driver of defendant’s truck.
However, in order to make assurance doubly sure we think it proper to consider the plea of contributory negligence as set out on the part of defendant against plaintiff. Accepting the testimony of plaintiff himself he initiated his turning movement before defendant’s truck appeared on the crest of the incline some 150 or more feet south of the Lister Street intersection. Plaintiff further testified that he was driving about 15 miles per hour and that the impact occurred in the southeast corner of the intersection. Under these testimonial facts it must be concluded that plaintiff was attempting to move in an easterly direction half the width of Centenary Boulevard, that is, 18 feet, while defendant’s truck was bearing down upon him for a distance of not less, and probably more, than 150 feet. According to our calculation, on the basis of this testimony, if plaintiff was moving at the rate of 15 miles per hour it was necessary for the truck to be traveling at a speed of approximately 120 miles per hour. Certainly the facts do not justify any such conclusion.
We are of the opinion that plaintiff began to make his turn at a time when defendant’s truck, with headlights burning, was in clear view. Why plaintiff failed to perceive the approach of the truck we do not know, but we think the conclusion is inescapable that he could and should have observed its approach. It necessarily follows that his failure to make such observation clearly establishes contributory negligence on his part, which would effectively bar recovery, even if he had been successful in establishing negligence on the part of defendant’s driver.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.